UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 13-10343-GAO

UNITED STATES OF AMERICA

v.

ERIC RIVERA-SANCHEZ,
Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
July 14, 2015

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the defendant's plea of guilty be accepted and entered as to counts one and four of the four-count Indictment. On April 2, 2015, the parties appeared before the magistrate judge. At that time, the magistrate judge conducted a colloquy with the defendant, and the defendant entered his guilty plea. The magistrate judge entered her findings regarding the defendant's waiver of his rights and his decision to plead guilty in a Report and Recommendation ("R&R") (dkt. no. 161).

Having reviewed the magistrate judge's R&R and all other relevant filings, I approve and ADOPT the magistrate judge's recommendation in its entirety. The defendant's plea of guilty is therefore accepted and, on the basis thereof, I find the defendant GUILTY as to counts one and four of the Indictment.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

CRIMINAL ACTION NO.
13-10343-GAO

ERIC RIVERA-SANCHEZ,
    Defendant.

**REPORT AND RECOMMENDATION RE:**
**ACCEPTANCE OF DEFENDANT'S GUILTY PLEA**

**JUNE 8, 2015**

**BOWLER, U.S.M.J.**

Defendant Eric Rivera-Sanchez ("the defendant") was charged in counts one and four of a four count Indictment[1] (Docket Entry # 70) returned in this district on September 25, 2014. Count One of the Indictment charges the defendant with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. Count Four charges the defendant

---

[1] This court notes that although the plea agreement refers to the defendant being charged in a "Superceding Indictment," the actual charging instrument itself (Docket Entry # 70) is simply captioned "Indictment." Docket Entry # 70 is followed by the entry "INDICTMENT (Superseding)" on the docket. This apparent inconsistency appears to be the result of the defendant being added to an earlier Indictment (Docket Entry # 9) previously charging two other codefendants. In the remainder of this Report and Recommendation this court will refer to the charging instrument as the Indictment.

with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841.

The defendant, who was represented by court appointed counsel, appeared before this court on April 2, 2015, pursuant to the District Judge's referral to conduct a hearing pursuant to Fed.R.Crim.P. 11. At the outset of the proceeding, the defendant was provided with a form entitled "Consent to Proceed with Guilty Plea before a United States Magistrate Judge in a Felony Case." This court advised the defendant of his right to have the proceeding before an Article III judge. The defendant reviewed the form with his counsel and indicated his voluntary decision to proceed before this court. The form, which was signed by the defendant, defense counsel and government counsel, was entered into the record and appears as Docket Entry # 144.

The defendant indicated and confirmed his intention to plead guilty to counts one and four of the Indictment. The defendant was sworn by the court. Upon verifying the defendant's age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this court, a determination was made by this court that the defendant was competent and capable of understanding the nature

and significance of the proceedings.

Having further advised the defendant of the charges contained in counts one and four, the defendant was examined and he verified as being correct that: he had consulted with his counsel of record, Attorney Joshua S. Levy of Ropes and Gray ("Attorney Levy"), who was appointed pursuant to the provisions of the Criminal Justice Act, prior to the hearing for the change of plea; he was satisfied with the services provided by his legal counsel and he had time to discuss with him all aspects of the case, including, among other things, the change of plea, the consent to proceed before a magistrate judge for the purpose of changing his plea, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

The defendant was specifically advised by this court that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a speedy and public trial by a jury made up of jurors who would have to unanimously agree to a verdict. In addition, he was also advised he was waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was advised he was waiving his right during trial to confront

3

the witnesses who were to testify against him and be able to cross-examine them, through counsel, as well as to present evidence on his behalf. He was also advised he was waiving the right to compel the attendance of witnesses and have subpoenas issued to have them appear in court to testify. The defendant was specifically advised of his right to take the stand and testify, if he so decided, or not to testify, and that no inference or decision as to his guilt could be made from a decision not to testify at trial. The defendant was also advised of his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty and that he would be sentenced by the District Judge after consideration of the information contained in a presentence report.

As to all of the above, the defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Levy, indicated he freely and voluntarily waived those rights and understood the consequences of his waiver. Throughout this colloquy, the defendant was made aware that he could freely request from this court any additional clarification, repetition, or ask questions and that he could consult with his attorney at any given time as to any issue.

The defendant expressed his understanding of the maximum penalties prescribed by statute for each of the offenses to which he was pleading guilty as follows: a term of imprisonment of not more than 20 years; a fine of up to $1,000,000; a term of supervised release for at least three years and up to life; forfeiture to the extent charged in the Indictment and a special monetary assessment of $100.00.

Having ascertained directly from the defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, that he had not been offered any reward or an inducement to plead guilty, the defendant was shown a nine page document from the Office of the United States Attorney for the District of Massachusetts dated February 5, 2015 (hereinafter the "Agreement"). The defendant then verified his signature and initialed each and every page after reviewing the Agreement with his counsel. The agreement was entered on the record and appears as Docket Entry # 146.

Pursuant to said Agreement, and insofar as counts one and four, as to which the defendant was already aware of the maximum possible penalties, the defendant was apprised that it was up to the sole discretion of the District Judge what the sentence to be imposed on him will be. The defendant was specifically informed that if the sentencing court were to impose a sentence which

5

turned out to be higher or more severe than the one he might be expecting, for said reason alone, the defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The defendant was advised that the Sentencing Guidelines are no longer mandatory and are thus considered advisory. The defendant was specifically informed that the sentencing calculations in the Agreement are not binding on the sentencing court, but are only estimates of possible terms of his sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof in the presentence report that the District Judge would have at the time of the imposition of the sentence.

The government presented to this court and the defendant, in open court and on the record, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event the defendant had elected to go to trial, the commission of the offenses, beyond a reasonable doubt. The defendant was able to understand this explanation and agreed with the government's submission.

Having once more ascertained that the defendant has indicated that he was not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any

6

promises or predictions being made as to the sentence to be imposed by the court, the defendant was informed that the District Judge will have a presentence report and that the report would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in the report which is not accurate.

The defendant stated in open court that he reviewed the Indictment and was provided an opportunity to see and examine same, indicating that he availed himself of the opportunity to further discuss same with his attorney.  The defendant positively stated that what was contained in counts one and four was what he had done and to which he was pleading guilty during these proceedings.  The defendant expressed that he agreed with the government's evidence as to his participation in the offenses. Thereupon, the defendant indicated he was pleading guilty to counts one and four of the Indictment in Criminal Action No. 14-10343-GAO.

This court, after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision to plead guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is **RECOMMENDING**[2] that the plea of

---

[2] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the

guilty be accepted and entered as to counts one and four of the Indictment in the above captioned case. The defendant was advised that sentencing, pending the completion of the presentence report by the Probation Department, is scheduled for July 9, 2015, at 2:00 p.m. before the Honorable George A. O'Toole, Jr., United States District Judge.

                                          /s/ Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge

---

Report and Recommendation to which objection is made and the basis for such objection. See Fed.R.Crim.P 59(b). Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. See Fed.R.Crim.P 59(b)(2).